■ A. G. CONCRETE BREAKERS, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 33712.) — The State of New York and the City of New York appeal from an order of the Court of Claims granting claimant's motion, made under subdivision 2 of section 17 of the Court of Claims Act for (1) an examination before trial of the City of New York as a witness, by seven designated officials of its department of parks, and (2) for an examination before trial of the said seven officials as individual witnesses. The Court of Claims Act (§ 17, subd. 2) provides that upon application of the claimant and proof that the examination of a witness is material and so necessary that claimant cannot possibly prepare for trial unless such an examination is had, and the interests of justice require the same, the court may permit the examination of such witness. Section 288 of the Civil Practice Act provides substantially that the testimony of any person, which is material and necessary, may be taken where there are special circumstances which render it proper that the deposition of such witness should be taken. Construing these sections liberally and in the interests of justice and the expedition of trials we think that the circumstances revealed herein were sufficient to justify the order. The contract involved was made by the State of New York with claimant but it seems to have been made almost entirely for the benefit of the City of New York. However that may be, it is clear that the persons sought to be examined are the only ones who have knowledge

of the facts involved. All of the work pertaining to the contract, its preparation and the servicing of such contract was performed by them on behalf of the State although they were employees of the City of New York. It would be quibbling with the statutory purposes for an examination of witnesses before trial to say that the named employees of the city cannot be examined because the contract was made with the State of New York. Order affirmed, with one bill of costs in the sum of $10 with disbursements. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.